UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARK W. DOBRONSKI**, | Case No. **2:23-cv-10149-GCS-CI** |
| Plaintiff, | Hon. George Caram Steeh<br>United States District Judge |
| v. | |
| **INSURANCE SUPERMARKET INC.**, *et al.*, | Honorable Curtis Ivy, Jr.<br>United States Magistrate Judge |
| Defendants. | |

_____

**PLAINTIFF'S MOTION FOR LEAVE
TO CONDUCT EXPEDITED DISCOVERY**

Plaintiff Mark W. Dobronski, appearing *in propria persona*, pursuant to Fed. R. Civ. P. 26(d), hereby moves for entry of an order permitting Plaintiff to conduct expedited discovery prior to the Rule 26(f) scheduling conference, to wit: allowing Plaintiff to propound interrogatories to Defendant Insurance Supermarket Inc. to disclose the identity(s) of its third-party telemarketer. In support thereof, Plaintiff relies upon the attached brief.

Pursuant to E.D. Mich. Local Rule 7.1(a), Plaintiff certifies that Plaintiff personally spoke to opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel

1

did not provide concurrence.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant this motion and enter its order as requested.

Respectfully submitted,

Date: March 28, 2023

_____
Mark W. Dobronski
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 330-9671
Email: markdobronski@yahoo.com
Plaintiff *In Propria Persona*

## **STATEMENT OF ISSUES PRESENTED**

Should Plaintiff be allowed to engage in discovery propounded upon Defendant Insurance Supermarket Inc. to disclose the identity(s) of its third-party telemarketers responsible for initiating telephone solicitation calls to Plaintiff's telephone numbers and live transferring calls to Defendant Insurance Supermarket Inc.?

     Plaintiff says:    Yes.

## **MOST RELEVANT AUTHORITY**

*Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 579 U.S. 40, 47 (2016)

*Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal.2002)

*Tescuo Holdings Ltd. v. Does 1-12*, 2012 WL 6607894 (E.D. Tenn. December 18, 2012)

Fed. R. Civ. P. 16

Fed. R. Civ. P. 26(f)

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
## <u>FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY</u>

Plaintiff Mark W. Dobronski respectfully shows as follows:

### **Introduction**

This matter arises under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Michigan Telephone Companies as Common Carriers Act ("MTCCCA"), M.C.L. § 484.101, et seq.

The Complaint alleges that Defendant Insurance Supermarket Inc. ("ISI") or its agents initiated over thirty two (32) telephone solicitation calls to Plaintiff's residential and cellular telephone numbers during the period May 10, 2022 through August 18, 2022, inclusive, in violation of various provisions of the TCPA and MTCCCA.

In fact, the calls continue.  Since filing the Complaint in this matter on January 19, 2023, Plaintiff has received nearly two dozen <u>additional</u> such illegal and annoying telemarketing calls believed to be from the same initiating source and wherein the calls are then live transferred to an ISI agent; and this despite express demands made by Plaintiff to ISI to cause the calls to cease and desist and to place Plaintiff's telephone numbers on ISI's internal "do not call" list.

## **Legal Standard**

In civil litigation, the parties are required to adhere to Fed. R. Civ. P. 26(f) which requires them to conduct a discovery conference before commencing discovery. Rule 26(d) prohibits a party from seeking discovery from "any source" before the parties have conducted a Rule 26(f) conference, except when authorized by the Rules, stipulation, or court order. However, Rule 26(f) also provides that expedited discovery may be conducted before that conference when authorized by court order. *See, e.g.*, *Tescuo Holdings Ltd. v. Does 1-12*, 2012 WL 6607894 (E.D. Tenn. December 18, 2012). Courts within the Sixth Circuit require a showing of good cause in order to authorized expedited discovery. *Id*. A court order permitting early discovery may be appropriate "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal.2002).

## **Argument**

Plaintiff submits that there is good cause to require Defendant ISI to disclose the identity(s) of its third-party telemarketer responsible for initiating telemarketing calls to Plaintiff's cellular and residential telephone numbers prior to the Rule 26(f) scheduling conference. Such a scheduling conference is still weeks or months off.

First, Plaintiff intends to amend the complaint to name the third-party telemarketer(s) as an additional defendant, thus permitting the third-party telemarketer to be brought into this case.

Second, because Plaintiff's demands to Defendant ISI to cause the calls to stop have apparently fallen upon deaf ears, learning the identity of the third-party telemarketer(s) will then allow Plaintiff to seek injunctive relief from the Court – which relief is expressly permitted under 47 U.S.C. § 227(b)(3)(A) and 47 U.S.C. § 227(c)(5)(A) – so as to curtail the annoyance and harassment of the telemarketing calls.

District courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases. *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 579 U.S. 40, 47 (2016). Fed. R. Civ. P. 16 expressly authorizes the Court's discretion to expedite, manage, and facilitate the preparation and resolution of this case.

Plaintiff's request for expedited discovery should be granted because the court would benefit, Defendant would not be prejudiced, and the request furthers the purposes of Fed. R. Civ. P. 16. By allowing the third-party to be brought under the court's jurisdiction in time to participate in an upcoming scheduling conference and subsequent discovery, thus fostering judicial economy. Further, bringing in the third

party early in the case also ensures fairness to the third party.

Lastly, Plaintiff requests that, should the Court grant this motion, that the order additionally require that Defendant ISI answer the interrogatories propounded by Plaintiff within seven (7) days after being served.

### Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court entry its order permitting Plaintiff to conduct expedited discovery prior to the Rule 26(f) scheduling conference requiring Defendant Insurance Supermarket Inc. to disclose the identity(s) of its third-party telemarketers responsible for initiating telemarketing calls to Plaintiff's cellular and residential telephone numbers; and, further, that Defendant ISI shall be required to answer the interrogatories to be propounded by Plaintiff within seven (7) days of being served.

Respectfully submitted,

Dated: March 28, 2023

_____
Mark W. Dobronski
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 330-9671
Email: markdobronski@yahoo.com
Plaintiff *In Propria Persona*

## CERTIFICATE OF SERVICE

      I hereby certify that on **March 28, 2023**, I caused copies of *Plaintiff's Motion for Leave to Conduct Expedited Discovery* to be served upon all parties and/or attorneys of record to the above-captioned cause herein by sending same in a sealed envelope, with first-class postage fully prepared thereupon, and deposited in the United States Mail, addressed as follows:

      Elyse K. Culberson
      Jackson Lewis P.C.
      2000 Town Center, Suite 1650
      Southfield, Michigan 48075-1146

      */s/ Mark W. Dobronski*
      _____
      Mark W. Dobronski