UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARK W. DOBRONSKI**,

    Plaintiff,

v.

**INSURANCE SUPERMARKET INC.**, *et al.*,

    Defendants.

Case No. **2:23-cv-10149-GCS-CI**

Hon. George Caram Steeh
United States District Judge

Honorable Curtis Ivy, Jr.
United States Magistrate Judge

_____

### PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS AND STAYING CASE DEADLINES [ECF No. 36]

Plaintiff, Mark W. Dobronski ("Plaintiff"), appearing *in propria persona*, pursuant to Fed. R. Civ. P. 72(b)(2) and E.D. Mich. Local Rule 72.1(d), submits these written objections to the Magistrate Judge's *Order Granting Motion to Withdraw as Counsel for Defendants (ECF No. 35) and Staying Case Deadlines* [ECF No. 36] dated April 12, 2024 ("Order"), and respectfully states as follows:

### Objection

The Order was entered prematurely and without the Magistrate Judge having reviewed or considered Plaintiff's response to the motion prior to entry of the Order, and having been misled by Defendants' counsel's misrepresentation that Plaintiff had no objection to the relief requested.

1

On April 11, 2024, counsel for Defendants Insurance Supermarket, Inc. And EMC National Life Company filed *Jackson Lewis P.C.'s Motion to Withdraw as Counsel for Defendants Insurance Supermarket Inc. and EMC National Life Company* [ECF No. 35], citing to a vague and unspecified "complete and irreconcilable breakdown of the attorney-client relationship." [ECF No. 35, PageID.606, ¶ 6]. In support of their Motion, Defendants' counsel represented to the Court that Plaintiff did <u>not</u> indicate that "Plaintiff has no objection to the relief requested in this Motion." [ECF No. 35, PageID.606, ¶ 10].

Immediately the next morning, on April 12, 2024, at 9:53 A.M.,[1] Plaintiff filed *Plaintiff's Response in Opposition to Jackson Lewis P.C.'s Motion to Withdraw as Counsel for Defendants Insurance Supermarket Inc. and EMC National Life Company* [ECF No. 38] ("Response").

Although Plaintiff's Response was filed on April 12, 2024 at 9:53 A.M., the fact of the filing was not entered into the Court's electronic docketing system by the Clerk's Office until April 15, 2024. Thus, it appears, that the Magistrate Judge had no knowledge of Plaintiff's Response having been filed at the time that Court reviewed Defendants' counsel's Motion, and based upon the (mis)representation that "Plaintiff

---

[1] Plaintiff, as a *pro se* litigant, filed using the Court's Pro Se Document Upload Utility. Attached hereto, as EXHIBIT 1, is the electronic mail confirmation of the filing showing the date and time of the filing.

2

has no objection to the relief requested", the Magistrate Judge promptly issued the Order granting the Motion.  A party parties' right to be heard on a motion is satisfied by the opportunity to submit briefs and supporting affidavits.  *See*, *e.g.*, *Hamman v. Southwestern Gas Pipeline, Inc.*, 721 F.2d 140, 142 (5th Cir.1983); *Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir.1992).  Essentially, and through no fault of the Magistrate Judge, Plaintiff was deprived of his right to be heard in opposition to the Defendants' counsel's Motion.

Plaintiff's position on the Motion is explained in detail in its Response [ECF No. 37], which Plaintiff hereby incorporates by reference.  Subsequent to the filing of Plaintiff's Response, on April 19, 2024 Defendants' counsel has filed *Jackson Lewis P.C.'s Reply Brief in Further Support of its Motion to Withdraw as Counsel for Defendants* [ECF No. 39] ("Reply").

Plaintiff is mindful of the fact that "[p]arties do not have a right to file a surreply brief under the federal procedural rules or the local rules." *Albino-Martinez v. Adducci*, 454 F.Supp.3d 642, 646 (E.D.Mich., 2020).  Accordingly, it would appear to be inappropriate for Plaintiff to use this Objection as the means to counter the arguments which have been first raised by Defendants' counsel in their Reply.  Nonetheless, Plaintiff to the extent that Defendants' counsel has, in its Reply, moved to strike Plaintiff's Response, Plaintiff feels obligated to respond thereto.

Defendants' Counsel asserts that "Plaintiff's Response should be stricken and otherwise not considered because [Plaintiff] disclosed confidential settlement discussions between the parties, in direct contravention of Fed. R. Evid. R. 408." [ECF No. 39, PageID.635]. However, Defendants' Counsel fails to clearly explain what the purported "confidential settlement discussions" are that Plaintiff has allegedly disclosed. On April 11, 2024, there certainly were no settlement discussions or negotiations between the parties. As Plaintiff's Motion expressly recites, Plaintiff called Defendants' counsel to seek concurrence in an impending amended complaint to be filed by Plaintiff, at which time Defendants' counsel informed Plaintiff that she was withdrawing as counsel. [ECF No. 38, PageID.626]. Certainly, those discussions do not amount to a "compromise offer or negotiation" which would fall under Fed. R. Evid. 408. The rule excludes only when the purpose is proving the validity or invalidity of the claim or its amount, an offer for another purpose is not within the rule.

As Plaintiff noted in his Response, the Motion offers no reasons justifying withdrawal beyond the vague and unspecified phrase "complete and irreconcilable breakdown of the attorney-client relationship." [ECF No. 35, PageID.606, ¶ 6]. While the Motion does state that "Jackson Lewis P.C. has notified Defendants of its intention to withdraw as their attorneys of record" [ECF No. 35, PageID.606, ¶ 12], absent is any indication of client consent to withdraw.

4

The Court cannot exercise its discretion to grant or deny a motion to withdraw in the absence of client consent without knowing the reason(s) justifying withdrawal. *Untied States v. Williams*, 717 F.2d 473, 475 (9th Cir. 1983) ("A trial court's decision to release counsel is an exercise in its discretion"); *Woodall v. Drake Hotel, Inc.*, 913 F.2d 447, 449-50 (7th Cir. 1990) ("[C]ounsel bore the burden of demonstrating that [the clients] had consent to the motion... or that there was a valid and compelling reason for the court to allow the withdrawal over objection.... Because... counsel never disclosed, and the court never compelled counsel to disclose, the reason for withdrawl, the court abused its discretion by granting the motion.").

As to Defendant's Counsel's assertions made in its Reply regarding "patently false allegations", "incredulous misrepresentations in Plaintiff's Response", "outlandish conspiracy theories", and "wild and ongoing misrepresentations to the Court", nowhere does Defendants' counsel explain what any of those purported false allegations, incredulous misrepresentations, or outlandish conspiracy theories are in order that Plaintiff may respond directly thereto. Plaintiff is prepared to respond to Defendants' Counsel's calumnious innuendos, once Defendants' Counsel has clarified what the specifics are, and if the Court will so permit.

WHEREFORE, the premises considered, Plaintiff respectfully urges that the Court enter its order that: (1) SUSTAINING Plaintiff's objection; (2) SET ASIDE the

Court's *Order Granting Motion to Withdraw as Counsel for Defendants and Staying Case Deadlines* [ECF No. 36]; and, (3) render a decision on the Motion only after having given consideration to the arguments raised in Plaintiff's Response.

Respectfully submitted,

Date:  April 22, 2024                  _____
                                           Mark W. Dobronski
                                           Post Office Box 222
                                           Dexter, Michigan 48130-0222
                                           (734) 330-9671
                                           MarkDobronski@yahoo.com
                                           Plaintiff *In Propria Persona*

## **CERTIFICATE OF SERVICE**

I hereby certify that on **April 22, 2024**, I electronically filed the foregoing *Plaintiff's Objection to Magistrate Judge's Order Granting Motion to Withdraw as Counsel for Defendants and Staying Case Deadlines* with the Clerk of the Court via the Court's Pro Se Document Upload utility, which will send notification of such filing to all counsel of record via the CM/ECF system.

                                             _____
                                             Mark W. Dobronski

# EXHIBIT



# 1

Pro Se Document Submission

From: no-reply@mied.uscourts.gov

To: markdobronski@yahoo.com

Date: Friday, April 12, 2024 at 09:53 AM EDT

# Pro Se Document Submission

Filer's Name: Mark W. Dobronski

Filer's Email: markdobronski@yahoo.com

Filer's Phone: 734-330-9671

Case Number: 23-cv-10149

Filer's Signature: S/ Mark W. Dobronski

File 1: Uploaded as "MWD v ISI - Resp in Opp to Motion to Withdraw.pdf", saved and attached as "File_1_ProSe_20240412_09_52_59_328.pdf"
Description: Response in Opposition to Motion to Withdraw as Counsel

I agree to each of the following:

1. I am intending to file the attached document(s) with the court.
2. I am not a licensed attorney, e-filer or submitting on behalf of an incarcerated party.
3. If filing a new case and paying the filing fee, the payment information will be sent in a separate email. Do not upload summons until payment of the filing has been received or directed to do so by the Court.

For technical assistance, please call (313) 234-5025.