UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

    Plaintiff,

v.

INSURANCE SUPERMARKET,
INC., and EMC NATIONAL
LIFE COMPANY,

    Defendants.
_____/

Case No. 23-10149

Hon. George Caram Steeh
Hon. Curtis Ivy, Jr.

ORDER OVERRULING PLAINTIFF'S
OBJECTION TO ORDER GRANTING MOTION TO WITHDRAW

On April 12, 2024, Magistrate Judge Curtis Ivy, Jr., issued an order granting Defendants' counsel's motion to withdraw. *See* ECF No. 36. Plaintiff filed an objection, arguing that the motion was granted before he had an opportunity to respond and that counsel did not provide specific reasons for the withdrawal. Subsequently, Defendants sought an extension of time to obtain new counsel, who appeared on June 17, 2024. An order of substitution was entered on July 2, 2024.

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has the authority "to hear and determine [most] pretrial matter[s] pending before the court." Parties may object to such orders within fourteen days. *See* Fed. R. Civ. P.

72(a). Upon receiving objections to a non-dispositive order, "[t]he district court judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id. See also* 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous" when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, N. C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395) (1948)).

    Whether to allow counsel to withdraw is guided by the rules of professional responsibility and "committed to the court's discretion." *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009). Michigan Rule of Professional Conduct 1.16(b) allows counsel to withdraw from representation "if withdrawal can be accomplished without material adverse effect on the interests of the client, or if . . . good cause for withdrawal exists." Withdrawal is routinely permitted unless "it would work severe prejudice on the client or third parties." *Brandon*, 560 F.3d at 538.

    Defendants' original counsel sought to withdraw "[d]ue to a complete and irreconcilable breakdown of the attorney-client relationship," stating that "[f]urther details cannot be provided, absent waiver of the attorney-

client privilege." ECF No. 35. In granting the motion, the magistrate judge stayed the deadlines for discovery and dispositive motions. Substitute counsel has appeared and a status conference has been set for July 30, 2024. Under the circumstances, Plaintiff has neither articulated "severe prejudice" to his case nor demonstrated that the magistrate's order was clearly erroneous or contrary to law.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's objection (ECF No. 40) is OVERRULED.

Dated: July 25, 2024

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 25, 2024, by electronic and/or ordinary mail and also on Mark W. Dobronski, PO Box 222 Dexter, MI 48130.

s/LaShawn Saulsberry
Deputy Clerk