UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK W. DOBRONSKI,<br>                Plaintiff,<br>v.<br><br>INSURANCE SUPERMARKET<br>INC. and EMC NATIONAL LIFE<br>COMPANY,<br>                Defendants.<br>_____/ | Case No. 23-10149<br><br>Susan K. DeClercq<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER GRANTING MOTION TO STRIKE (ECF No. 61) MOTION FOR LEAVE TO FILE COUNTERCLAIM (ECF No. 60)

On November 7, 2024, Defendants moved for leave to file a counterclaim. (ECF No. 60). The attached proposed counterclaim includes Plaintiff's full birthdate. (*See* ECF No. 60-2). Defendants insist that Plaintiff's full birthdate is necessary to their claim that he provided false information, (ECF No. 63), but seek leave to file the proposed counterclaim with the full birthdate redacted and to file an unredacted copy under seal (ECF No. 61).

The motion to strike the motion for leave to amend is **GRANTED**; ECF No. 60 will be **STRICKEN**.

Because the public has a "presumptive right . . . to inspect and copy judicial documents and files[,] . . . [o]nly the most compelling reasons can justify non-disclosure of judicial records." *Rudd Equip. Co. v. John Deere Constr. & Forestry*

*Co.*, 834 F.3d 589, 593 (6th Cir. 2016). A person's right to privacy can be a compelling reason to seal or redact a document. The Court must justify non-disclosure of judicial records and "the seal itself must be narrowly tailored to serve that reason." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016); *see also Kiwewa v. Postmaster Gen. of U.S.*, 2019 WL 4122013, at *2 (6th Cir. Mar. 26, 2019) (noting that documents containing personal identifying information are properly redacted under Fed. R. Civ. P. 5.2(a)).

Eastern District of Michigan Local Rule 5.3(a) provides the process for sealing items when a statute or rule authorizes filing a document under seal. Federal Rule of Civil Procedure 5.2(a) says that a person's birthdate must be redacted except for the year of the person's birth. Date of birth is personal, sensitive information that justifies redaction. Because a rule authorizes sealing a full birthdate, Defendants must comply with the procedures in Local Rule 5.3(a) **within 7 days** of entry of this Order. They must then file a copy of the proposed counterclaim that reveals only the year of Plaintiff's birth and file under seal a copy of the proposed counterclaim unredacted.

On a final note, the Court does not credit Plaintiff's belief that Defendants' counsel file the proposed counterclaim maliciously. (*See* ECF No. 62). Sanctions will not be awarded.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: November 19, 2024

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on November 19, 2024.

s/Sara Krause
Case Manager
(810) 341-7850